IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 07-00007-09-CR-W-HFS |
| MICHAEL RODD, | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

Unless defendant Rodd changes his mind we are about to have a fourth attempt at a change of plea. On two occasions I was dissatisfied or troubled by the proposed factual admissions, questioning whether they would be sufficient to establish a factual basis for acceptance of a guilty plea. The June 21 signed version was quite close, in my opinion, but we did not have enough time blocked out to allow a final ruling. It may help counsel if I would re-articulate what I suppose is necessary.

I understand defendant is not prepared to say he actually "knew" the fraudulent purpose of the alleged conspiracy to defraud a lender. He will be under oath and of course should not admit something that is not true.[1] As I understand the plan of counsel, they expect to use constructive knowledge, or "deliberate ignorance", to substitute for the requirement of actual knowledge. As we instruct juries, that would mean the defendant Rodd must acknowledge facts showing me that he was "aware of a high probability" that fraud would be perpetrated, but closed his eyes and asked no

---

[1] Recourses for a defendant who is prepared to accept a conviction and punishment rather than trial, but is not prepared to admit to guilt, is usually handled by a nolo contendere plea. That would probably not serve the purposes of either the prosecution or the defense.

questions. See Instruction 7.04. That is sufficient if the intentionally suppressed line of information would have made it "obvious" to him that fraud was in progress.[2]

The weakness in the factual admissions of June 21, at least in my quick review, was that they contained two or three grounds for suspicion, but even taken together I was not immediately satisfied that defendant Rodd would be acknowledging that he adequately recognized a "high probability" of fraud on a lender, to be perpetrated by defendant Zwego and the appraiser and nominal buyers.[3]

The key to satisfying me may be what I now understand, from our conference, was Mr. Rodd's awareness of two instances were Mr. Zwego was making contradictory or false statements. In the Caldarella-Shields transaction I understood from our conferences that Zwego made it plain the "profit" or difference between what the sellers were to receive and the bank would lend was for him, not for improvements. Rodd also understood that no major improvements were required or contemplated.

Having twice heard about an extraordinary profit that would be kept by Zwego, and having known about various indicia of fraud (such as the Barshaws not being the real purchasers and

---

[2]One place where I think the prosecution and I are at odds is that I imagine Mr. Porter thinks that defendant's knowledge of a mere probability of fraud is enough to require inquiry. Not in criminal law, under the instructions. The standard is a "high probability" (distinctly more than a preponderance), otherwise there can be no conviction, or acceptance of a plea. The high standard of proof is something more than mere rhetoric.

[3]The lender relies on the borrower's ability and intention to pay. Secondarily there is reliance on value of the security. Value can be indicated by a sound appraisal, an honest agreement between a willing seller and a willing buyer, assessments (adjusted for true value), insurance coverage on houses, etc. This is a matter of common knowledge, condemnation law and general experience. As stated earlier, disclosed willingness of the sellers to take only $707,000 might be critical, unless explained. If Rodd knew that information would be suppressed–which I doubt–that would be perhaps sufficient.

2

occupiers of the home) I would be close to accepting a conclusion that Mr. Rodd had awareness of a "high probability" of fraud on the lender, and would thus be able to accept a plea of guilty.

If useful, I would again meet with counsel (on the record) and would consider anything they wish to submit.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 25, 2007

Kansas City, Missouri